PATRICK BARRES v. FRANK NOTTE.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the rule, *Gaetano M. Belfatto.*

*Contra, Louis J. Beers.*

PER CURIAM.

The plaintiff in this case is a real estate broker who had a written contract signed by the defendant, authorizing him to sell certain premises belonging to the latter, located in the city of Newark, the purchase price to be $25,000, the defendant agreeing to pay the plaintiff a commission of three and a half per cent. on such purchase price. The present suit is based upon a refusal of the defendant to pay this commission, although the plaintiff, as he alleged, had fully performed his part of the contract. The trial resulted in a verdict in favor of the plaintiff and the defendant has appealed from the judgment entered thereon.

The first ground of reversal argued by counsel is that the court committed error in its rulings upon certain testimony offered in the case. No such rulings, however, are stated as grounds of appeal, and consequently they are not entitled to be considered. The next contention is that the court should have nonsuited the plaintiff because of the fact that his authority to make a sale of the defendant's property was revoked before he produced a purchaser for it. This, however,

was a disputed question of fact and the court therefore properly left it to the jury for determination. The next ground of reversal is that the purchaser produced by the plaintiff was not financially able to buy the defendant's property. This was also a disputed question of fact, and the trial court therefore was entirely justified in refusing to nonsuit upon this ground and leaving the question to be determined by the jury. Lastly, it is argued that in order to entitle a broker to recover commissions there must actually be a conveyance by the owner to the purchaser, or a binding contract between the latter and the owner which could be enforced by the owner, and that the court should have nonsuited upon this ground, no binding contract having been made by the owner with the purchaser produced by the plaintiff. The proofs submitted on the part of the latter, however, showed that the failure to make the contract was due solely to the refusal of the defendant to enter into it with the intending purchaser. The jury by its verdict found that this was the situation, and so finding, a failure to execute the contract was no bar to the right of the plaintiff to recover his commission. It has frequently been held by our courts that an intending vendor cannot defeat the right of the broker to recover his commission by refusing to convey to a purchaser produced by the broker and who is able and willing to pay the purchase price and accept a conveyance.

Our conclusion is that the judgment under review should be affirmed.