JACOB KLEINFELD, PLAINTIFF-APPELLEE, v. MOTOR PLAN COMPANY ET AL., DEFENDANTS-APPELLANTS.

Submitted May 11, 1934—Decided September 28, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant-appellant, *Albert Comstock*.

For the plaintiff-appellee, *Thomas J. Kennedy*.

BODINE, J. The case was tried before the court without a jury upon an agreed state of facts. Plaintiff had judgment in a replevin action for possession of an automobile and the defendant, who intervenes, appeals. The plaintiff-appellee files no brief. It appears from the agreed state of facts in the District Court that Albert and Henrietta Raymond purchased the automobile in question in January of 1932. The Kleinfeld Furniture Company obtained a judgment in the Clifton District Court against Henrietta Raymond for $500 while she was still the owner of an undivided half interest in the automobile. Jacob Kleinfeld, by levy and sale, became the owner of her interest. Albert Raymond had previously served notice and claim of property pursuant to section 190 of the District Court act. It is immaterial, as we see it, that the sale was made without regard to the statute. Plaintiff could only rely upon the title acquired by his purchase at the execution sale. The sole question presented is the right of one entitled to an undivided one-half interest in a motor car to possession.

Mr. Justice Carpenter said in 1849, in *Chambers* v. *Hunt,* 22 *N. J. L.* 552, 556: "Certainly there can be no doubt as to the principle, that one of two joint owners or tenants in common of personal property cannot maintain replevin against the other. The one has no more right to the exclusive use or possession of a chattel so held than the other. It is too obvious for argument, and the authorities are as clear as the reason is unquestionable." See, also, *Merchants' Securities Corp.* v. *Lane,* 106 *N. J. L.* 169; 147 *Atl. Rep.* 576.

The judgment is reversed, with costs.